For Plaintiff's: Gardner, Moss & Haslam.

For Defendant: Fitzgerald & Higgins.

---

Providence Institution for Savings
vs.
Robert F. Cullen, et al.
}Eq. No. 6756

October 17, 1925

TANNER, P. J. This is a bill of interpleader brought by the Providence Institutions for Savings against Robert F. Cullen and Ellen A. Callahan, administrators of the estate of Bridget Carney, and against said Ellen A. Callahan individually and James Callahan.

The respondents Ellen A. Callahan individually and her husband James Callahan claim said deposit as their own.

The said Bridget Carney was a half sister of said Ellen A. Callahan. Said Bridget Carney went to live with said Ellen A. Callahan a short time before her death and when so living changed the bank deposit in question into the names of herself and said Ellen A. Callahan, or either of them. She told the bank official who saw her in relation to said transfer, first, that she wanted to give it to said Ellen A. Callahan, but upon the advice of the bank official placed it in the joint names of herself and said Ellen Callahan. Prior to going to live with said Ellen Callahan, said Bridget Carney had lived with another old lady and had been upon intimate terms with her nephew and niece, Robert and Mary Cullen. She had frequently declared her intention of leaving her property to the said nephew and niece, and went to live with said Ellen A. Callahan only temporarily until her nephew and niece could provide a home for her.

The said gift is disputed on the ground of lack of capacity, and undue influence exercised by the said Ellen A. Callahan.

There is no direct evidence of undue influence. Nor do we feel that there are circumstances from which we would be warranted in inferring undue influence. We therefore must find this issue in favor of the respondent Callahan.

While there is testimony that said Bridget Carney was of sufficient mental capacity to make such a gift( we believe and find that her sudden and erratic change of intention was due to the well known instability of aged people which inclines them to

favor persons with whom they are directly associated even for a short time, to the exclusion and forgetfulness of those whom they have long favored. This trait, we think, sufficiently indicates a lack of disposing judgment.

We therefore find upon this issue that Bridget Carney was not of sufficient capacity to make the gift and that the administrators are entitled to the fund.

For Complainant: Tillinghast & Collins.

For Respondents: D. A. Colton and T. L. Carty.